No. 23-0502

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

TENNESSEE CONFERENCE OF THE NATIONAL ASSOSICATION FOR
THE ADVANCEMENT OF COLORED PEOPLE,
*et al.*,

Plaintiffs-Respondents,

v.

WILLIAM LEE, in his official capacity
as Governor of the State of Tennessee,
*et al.*,

Defendants-Petitioners.

On Petition for Permission to Appeal from the
United States District Court for the Middle District of Tennessee

**PLAINTIFFS' ANSWER IN OPPOSITION TO DEFENDANTS'
PETITION FOR PERMISSION TO APPEAL UNDER FEDERAL RULE
OF CIVIL PROCEDURE 23(f)**

Charles K. Grant
Denmark J. Grant
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
211 Commerce Street, Suite 800
Nashville, TN 37201
(615) 726-5600

Danielle M. Lang
Alice C.C. Huling
Ellen M. Boettcher
CAMPAIGN LEGAL CENTER
1101 14th St. NW, Suite 400
Washington, DC 20005
(202) 736-2200

Phil Telfeyan
EQUAL JUSTICE UNDER LAW
400 7th St. NW, Suite 602
Washington, D.C. 20004
(202) 505-2058

*Counsel for Plaintiffs-Respondents*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to the Federal Rules of Appellate Procedure and Sixth Circuit Rule 26.1, counsel for Plaintiffs-Respondents certifies that no party to this appeal is a subsidiary or affiliate of a publicly owned corporation and no publicly owned corporation that is not a party to this appeal has a financial interest in its outcome.

/s/ Charles K. Grant_____
Charles K. Grant
*Counsel for Plaintiffs-Respondents*

# TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT ........................................................i

TABLE OF AUTHORITIES ................................................................. iii

INTRODUCTION ......................................................................1

STATEMENT OF RELEVANT FACTS ..................................................1

QUESTION PRESENTED ..............................................................5

RELIEF SOUGHT ......................................................................5

STANDARD FOR APPEAL UNDER RULE 23(f) ................................5

ARGUMENT ............................................................................7

   I.  Defendants Are Not Likely to Succeed in Showing that the Class Certification Order Should Be Reversed ........................................7

      A.  The district court conducted a rigorous analysis of the Rule 23 factors ...8

      B.  The district court did not abuse its discretion in certifying the Plaintiff class ..............................................................................11

         1.  The district court did not abuse its discretion in determining that Plaintiffs satisfied the commonality requirement in Rule 23(a)(2) ....12

         2.  The district court did not abuse its discretion in determining that Plaintiffs satisfied the typicality requirement in Rule 23(a)(3) .........16

         3.  The district court did not abuse its discretion in determining that Plaintiffs satisfied Rule 23(b)(2) ........................................................18

   II.  Because Defendants Do Not Face the "Death Knell" of Their Case, Interlocutory Review Is Inappropriate...........................................19

   III.  Interlocutory Review Is Unnecessary Because This Case Does Not Raise Novel or Unanswered Questions Regarding Class Litigation.......................21

   IV.  The Posture of the Case Does Not Weigh in Favor of Interlocutory Review ..............................................................................22

CONCLUSION ........................................................................23

# TABLE OF AUTHORITIES

## Cases

*Barry v. Corrigan*, 79 F. Supp. 3d 712 (E.D. Mich. 2015) ..........................................15

*Barry v. Lyon*, 834 F.3d 706 (6th Cir. 2016)...................................................................15

*Beattie v. CenturyTel, Inc.*, 511 F.3d 554 (6th Cir. 2007) ............................................17

*Brown v. Board of Education*, 347 U.S. 483 (1954)......................................................22

*Brown v. Board of Education,* 349 U.S. 294 (1955)......................................................22

*Chamberlan v. Ford Motor Company*, 402 F.3d 952 (9th Cir. 2005) .......................21

*Coleman v. General Motors Acceptance Corp.*, 296 F.3d 443
    (6th Cir. 2002)...........................................................................................................7

*DL v. District of Columbia*, 713 F.3d 120 (D.C. Cir. 2013) .......................................16

*Fox v. Saginaw County*, --- F.4th ---, Nos. 22-1265/1272,
    2023 WL 3143922 (6th Cir. Apr. 28, 2023).........................................................10

*Gooch v. Life Investors Insurance Co. of America*, 672 F.3d 402
    (6th Cir. 2012).................................................................................................. 8, 19

*In re Arkema, Inc.*, No. 18-0502, 2018 WL 3472698
    (6th Cir. May 23, 2018)...............................................................................20, 22, 23

*In re BancorpSouth, Inc.*, No. 16-0505, 2016 WL 5714755
    (6th Cir. Sept. 6, 2016) ...........................................................................................10

*In re Delta Air Lines*, 310 F.3d 953 (6th Cir. 2002)..........................5-7, 19, 21-22,

*In re Lorazepam & Clorazepate Antitrust Litigation,* 289 F.3d 98
    (D.C. Cir. 2002)........................................................................................................21

*In re Sandusky Wellness Center, LLC*, 570 Fed. App'x 437
    (6th Cir. 2014).............................................................................................................8

*In re Target Corp. Customer Data Security Breach Litigation*, 847 F.3d 608
    (8th Cir. 2017)..........................................................................................................10

*In re Tivity Health, Inc.*, No. 22-0502, 2022 WL 17243323
(6th Cir. Nov. 21, 2022) ...........................................................................5, 7, 9

*In re Whirlpool Corp. Front-Loading Washer Products Liability Litigation*,
    722 F.3d 838 (6th Cir. 2013) ........................................................................ 14

*Matthews v. Eldridge*, 424 U.S. 319 (1976) ....................................................... 13

*Memphis A. Philip Randolph Institute v. Hargett*, 978 F.3d 378
    (6th Cir. 2020) ............................................................................................... 12

*Microsoft Corp. v. Baker*, 582 U.S. 23 (2017) ...................................... 6, 19-20

*Pipefitters Local 636 Insurance Fund v. Blue Cross Blue Shield of Michigan*,
    654 F.3d 618 (6th Cir. 2011) ......................................................... 10

*Randleman v. Fidelity National Title Insurance Co.*, 646 F.3d 347
    (6th Cir. 2011) ................................................................................................ 22

*Reeb v. Ohio Department of Rehabilitation & Correction*,
    81 Fed. App'x 550 (6th Cir. 2003) ................................................................... 9

*Romberio v. UnumProvident Corp.*, 385 Fed. App'x 423 (6th Cir. 2009) ........ 17, 18

*Strougo v. Tivity Health, Inc.*, 606 F. Supp. 3d 753 (M.D. Tenn. 2022) .................... 9

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) .................................... 14

*Wilson v. Gordon*, 822 F.3d 934 (6th Cir. 2016) ............................................ 15

**Statutes, Rules, and Constitutional Provisions**

Tenn. Const. art. III, § 1 ..................................................................................... 2

Tenn. Const. art. III, § 6 ..................................................................................... 2

Tenn. Const. art. III, § 10 ................................................................................... 2

Fed. R. App. P. 5(b)(2) ....................................................................................... 4

Fed. R. App. P. 5 ........................................................................................... 4, 24

Fed. R. Civ. P. 23(a) .............................................................................. 9, 12, 16

Fed. R. Civ. P. 23(b) ................................................................................. *passim*

Fed. R. Civ. P. 23(f) .................................................................................. *passim*

Fed. R. Civ. P. 33(b)(2) ...................................................................................... 4

Tenn. Code Ann. § 2-2-115 ................................................................................ 2

Tenn. Code Ann. § 2-11-201 ............................................................................ 2

Tenn. Code Ann. § 2-11-202 ............................................................................ 2

Tenn. Code Ann. § 4-3-111 .............................................................................. 2

Tenn. Code Ann. § 4-3-112 .............................................................................. 2

Tenn. Code Ann. § 4-3-602 .............................................................................. 2

Tenn. Code Ann. § 4-3-603 .............................................................................. 2

Tenn. Code Ann. § 4-6-107 .............................................................................. 2

Tenn. Code Ann. § 40-29-203(a) ................................................................ 2, 14

**INTRODUCTION**

This Court has made clear that it does not routinely grant Rule 23(f) petitions and they are only warranted in exceptional circumstances. In considering whether to grant one this Court has broad discretion and may consider any pertinent factor, but Defendants have not produced a single factor indicating that Rule 23(f) review is warranted here.

The members of the certified Plaintiff class have (1) all been disenfranchised because of a felony conviction, (2) attempted to restore their voting rights through Tennessee's Certificate of Restoration ("COR") process, but (3) have been unable to obtain a COR sufficient to do so. Plaintiffs do not seek issuance of any individual CORs. Rather, Plaintiffs seek the implementation of an accessible, fair, and standardized COR process that could be achieved by a single order. Thus, the district court's grant of class certification under Rule 23(b)(2) is appropriate.

**STATEMENT OF RELEVANT FACTS**

Six individual Plaintiffs, on behalf of themselves and the certified plaintiff class, along with organizational Plaintiff the Tennessee Conference of the National Association for the Advancement of Colored People ("TN NAACP") (collectively "Plaintiffs"), challenge the constitutionality of Tennessee's unequal and error-ridden implementation of the statutes granting restoration of voting rights to citizens residing in Tennessee who lost the right to vote because of a felony conviction.

Governor William Lee, Coordinator of Elections Mark Goins, Secretary of State of Tennessee Tre Hargett, and Commissioner of the Department of Correction Frank Strada ("Defendants") administer or are otherwise involved in implementing Tennessee's constitutionally inadequate voting rights restoration scheme. *See* Tenn. Const. art. III, §§ 1, 6, 10; Tenn. Code Ann. §§ 2-2-115, 2-11-201-02, 4-3-111-12, 4-3-602-03, 4-6-107, 40-29-203(a).

Under Tennessee law, the primary path to voting rights restoration is receipt of a COR. Tennessee law makes clear that an individual who meets certain eligibility criteria has a right to "request, and then *shall* be issued," a COR. Tenn. Code Ann. § 40-29-203(a) (emphasis added). Tennessee's rights restoration statute delegates the responsibility of issuing CORs to Defendants, who together comprise the pardoning, incarcerating, and supervising authorities in the state. *See id.*; *see also* R. 83, MTD Opinion, PageID#454-55. Tennessee has created a statutory right to a COR for individuals who meet certain criteria and who request a COR from a designated authority, but Defendants have failed to implement constitutionally mandated procedures to equitably administer this process and thereby deprive individuals of the right to vote without due process. Defendants are all state-level officials and Plaintiffs seek uniform statewide relief for their claims.

The individual named Plaintiffs are, as Defendants note, all United States citizens and Tennessee residents with prior felony convictions. *See* R. 102, Amended

Compl., PageID#621-27; Defendants' 23(f) Petition for Permission to Appeal ("23(f) Pet.") at 3. They have each contemplated their respective sentences and have attempted to obtain COR forms but have not, to date, received a COR sufficient to restore their voting rights. R. 102, Amended Compl., PageID#621-27. Organizational Plaintiff TN NAACP likewise is aware of and has attempted to assist members who have sought to restore their voting rights but who have been denied a COR form without adequate procedural protections. R. 102, Amended Compl., PageID#618-21.

Plaintiffs filed suit to challenge Tennessee's opaque and inaccessible voting rights restoration scheme. Plaintiffs' claims relevant to class certification arise under the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution. R. 122, Opinion, Page ID# 822 (the district court granted class certification "pursuant to Counts One, Two, and Three of [the] First Amended Complaint"). Specifically, Plaintiffs' procedural due process claims assert statutory and constitutional liberty interests in the right to obtain a COR and register to vote, of which they have been deprived without adequate process. R. 102, Amended Compl., PageID#648-52. Plaintiffs' equal protection claim asserts that Defendants have created a system where similarly situated Tennesseans may be granted or denied access to the right to vote based solely on the county of their felony

conviction. *Id.* at 652-54. Both Plaintiffs' procedural due process and equal protection claims require uniform statewide relief.

On November 1, 2022, Plaintiffs moved to certify a Plaintiff class on the procedural due process and equal protection claims. R. 105, Motion, PageID#671. On April 13, 2023, the district court granted Plaintiffs' motion and certified the requested Plaintiff class of "Tennessee residents who have been disenfranchised because of a felony conviction and have requested or attempted to request a Certificate of Restoration ("COR") from the pardoning, incarcerating, or supervising authority, but to date have not received a COR sufficient to restore their voting rights." R. 122, Opinion, PageID#822; R. 123, Order, PageID#831.

Fact discovery is set to close in this matter on May 28, and expert depositions must be complete by May 31. R. 125, Joint Motion, PageID#838; R. 128, Order, PageID#847. No additional written discovery may be issued, and the parties have agreed on a schedule for the remaining depositions. Fed. R. Civ. P. 33(b)(2); R. 125, Joint Motion, PageID#838. A bench trial is scheduled for November 28, 2023. R. 129, Order, PageID#849.

Defendants have petitioned to appeal that class certification order under Fed. R. Civ. P. 23(f) and Fed. R. App. P. 5. Plaintiffs now enter their answer in opposition to that petition to appeal the class certification order pursuant to Fed. R. App. P. 5(b)(2).

## QUESTION PRESENTED

Whether the district court abused its discretion in certifying the Plaintiff class or any other extraordinary consideration warrants interlocutory review such that the district court's grant of class certification cannot be reviewed in ordinary course once a final judgment is issued.

## RELIEF SOUGHT

Plaintiffs seek a denial of Defendants' petition for appeal of the district court's class certification order.

## STANDARD FOR APPEAL UNDER RULE 23(f)

Pursuant to Federal Rule of Civil Procedure 23(f), this Court "may permit an appeal from an order granting or denying class-action certification." This Court "has broad discretion to grant or deny a Rule 23(f) petition, and any pertinent factor may be weighed in the exercise of that discretion." *In re Delta Air Lines*, 310 F.3d 953, 959 (6th Cir. 2002) (emphasis added). Granting a Rule 23(f) petition "is never to be routine," it is "the exception, not the norm." *Id.* at 959-60.

The Sixth Circuit considers four factors when ruling on a Rule 23(f) petition. *See In re Delta Air Lines*, 310 F.3d at 959; *In re Tivity Health, Inc.*, No. 22-0502, 2022 WL 17243323, at *1 (6th Cir. Nov. 21, 2022). First, this Court considers "the likelihood of the petitioner's success on the merits," applying an abuse of discretion standard. *In re Delta Air Lines*, 310 F.3d at 960. Second, this Court looks to the

"death knell" factor, where the petitioner must show that the class certification decision will prove the "death knell" of their case because of the cost of continued litigation, pressuring that party to settle or abandon the case. *See Microsoft Corp. v. Baker*, 582 U.S. 23, 27-29 (2017); *In re Delta Air Lines*, 310 F.3d at 960. Third, a "case that raises a novel or unsettled question may . . . be a candidate for interlocutory review." *In re Delta Air Lines*, 310 F.3d at 960. Finally, this Court looks to "the posture of the case as it is pending before the district court." *Id.*

# ARGUMENT

## I.    Defendants Are Not Likely to Succeed in Showing that the Class Certification Order Should Be Reversed.

The district court, in its sound discretion, certified a Plaintiff class of "Tennessee residents who have been disenfranchised because of a felony conviction and have requested or attempted to request a Certificate of Restoration ("COR") from the pardoning, incarcerating, or supervising authority, but to date have not received a COR sufficient to restore their voting rights." R. 123, Order, PageID#831. Pursuant to Rule 23(f), Defendants seek permission to appeal that decision and assert that if granted the chance, they are likely to succeed in showing this class was wrongly certified. Defendants' Petition for Permission to Appeal under Fed. R. Civ. P. 23(f) ("23(f) Pet.") at 9.

To do so, they must show "the district court committed an abuse of discretion," *In re Delta Air Lines*, 310 F.3d at 960.  An abuse of discretion only occurs "when a court, in making a discretionary ruling, . . . omits consideration of a factor entitled substantial weight," *In re Tivity Health,* 2022 WL 17243323 at *1, or when there is "'a definite and firm conviction that the trial court committed a clear error of judgment.'" *Coleman v. General Motors Acceptance Corp.*, 296 F.3d 443, 446 (6th Cir. 2002) (citing *Bowling v. Pfizer, Inc.*, 102 F.3d 777, 780 (6th Cir.1996)). Here, Defendants point to no requisite factor which the district court failed to consider in its class certification analysis, nor any clear error in the court's class

certification judgment. Failing to do either, Defendants have not shown the district court abused its discretion in certifying the Plaintiff class and their petition should be denied.

**A. The district court conducted a rigorous analysis of the Rule 23 factors.**

Without identifying any relevant factors that the district court failed to consider in its judgment certifying the Plaintiff class, Defendants claim the district court's analysis was so lacking as to warrant its reversal. 23(f) Pet. at 11-13, 16-17, 20-21. But the judgment carefully considers each of the requisite Rule 23 factors in turn and more than demonstrates the district court "probed behind the pleadings," and "consider[ed] all of the relevant documents that were in evidence" as well as the arguments for and against class certification presented by the parties. *Gooch v. Life Invs. Ins. Co. of Am.*, 672 F.3d 402, 418 (6th Cir. 2012); *see also*, R. 122, Opinion, PageID#822-30 (citing parties' filings, including documentary exhibits). Further, where, as here, "the issues at the core of the certification dispute are legal and not factual," the district court's methodic consideration of each of the Rule 23 requirements is more than adequate. *Gooch*, 672 F.3d at 418.

Defendants cite cases where this Court has found factual relevant issues were overlooked by a district court such that the class certification decision was improper. *See In re Sandusky Wellness Center, LLC*, 570 Fed. App'x 437 (6th Cir. 2014) (finding district court failed to consider a specific factual issue relevant to

8

commonality finding); *see also Reeb v. Ohio Dept. of Rehabilitation & Correction*, 81 Fed. App'x 550 (6th Cir. 2003) (finding plaintiffs provided insufficient factual detail pertaining to both named and unnamed plaintiffs to determine whether factors were satisfied). But citing those cases does not make them applicable here. In this case, Defendants did not dispute *any* factual assertions underlying Plaintiffs' class certification motion, *see, e.g.*, R. 122, Opinion, PageID#824, and whereas Plaintiffs supported their assertions with expert analysis and deposition testimony, Defendants offered no evidence of their own. It is unsurprising that Defendants do not identify any factual considerations, evidence, or legal questions which they assert the district court ignored.

Instead, Defendants summarily label the district court's decision "conclusory" and cite this Court's rulings in other cases where it found Rule 23 analysis to be lacking. Defendants' reliance on those cases is similarly misplaced. In *In re Tivity Health, Inc.* this Court considered the sufficiency of a district court's analysis that merely noted the Rule 23(a) factors as part of the relevant legal standard but did not take the next step of applying that legal standard to the facts of the case. *Strougo v. Tivity Health, Inc.*, 606 F. Supp. 3d 753 (M.D. Tenn. 2022). There, as this Court accurately observed, "the district court conducted *no* analysis of the Rule 23(a) factors." 2022 WL 17243323 at *1. But that case is not this case, where the district

court dedicated a separate section of its decision to analyzing each of the requisite factors.

Other cases cited by Defendants where the respective underlying district court decisions do not apply Rule 23 requirements to the proposed classes are similarly inapposite. *See In re BancorpSouth, Inc.*, No. 16-0505, 2016 WL 5714755 at *1 (6th Cir. Sept. 6, 2016) (remanding where the district court merely stated the Rule 23 requirements without further mention of how they applied to the proposed class); *In re Target Corp. Customer Data Security Breach Litig.*, 847 F.3d 608, 612 (8th Cir. 2017) (same); *Pipefitters Local 636 Ins. Fund v. Blue Cross Blue Shield of Mich.*, 654 F.3d 618, 629-30 (6th Cir. 2011) (same).

Finally, despite Defendants' claim to the contrary, *Fox v. Saginaw County*, ---F.4th ---, Nos. 22-1265/1272, 2023 WL 3143922 at *11-12 (6th Cir. Apr. 28, 2023), is no more "relevant to the issues raised in the captioned Petition" than the cases Defendants had already cited. Defendants' Notice of Supp. Auth. under Fed. R. App. P. 28(j) ("28(j) Notice") at 1. The Court's guidance in *Fox* concerned certification of a class under Rule 23(b)(3). 2023 WL 3143922 at *11. Observing that 23(b)(3)'s "predominance requirement demands more than the commonality requirement," the *Fox* court raised questions concerning the calculation of individual class members' monetary damages that needed to be addressed as part of the district court's Rule 23 analysis. *Id.* (asking "how will each landowner prove that owner's damages?").

10

Similar questions of compensatory relief are not relevant here, where the class is certified under 23(b)(2), because the case seeks only injunctive and declaratory relief to correct ways in which "the defendant has acted or refused to act on grounds that apply generally to the class." R. 122, Opinion, PageID#829 (citing *Gooch*, 672 F.3d at 428). As the district court noted, the "State Defendants do not argue otherwise." *Id.*

### B.  The district court did not abuse its discretion in certifying the Plaintiff class.

Despite Defendants' efforts to recast it as such, Plaintiffs' claim is not that each individual class member has been wrongfully denied a COR based on their specific circumstances. Nor is it about specific county level policies. Rather, it is that absent a uniform COR process, including uniform standards for requesting and issuing CORs and for appealing a denial, Defendants fail to ensure a constitutionally adequate process and that similarly situated individuals have equal access to the right to vote. It is clear the district court understands the difference between the claims brought by Plaintiffs and the caricature of those claims presented by Defendants. *See*, *e.g.*, R. 122, Opinion, PageID#822, 825-27; R. 83 MTD Opinion, PageID#459, 463-67. Plaintiffs are master of their own complaint, and as such, the district court appropriately considered whether the proposed class satisfied the Rule 23 requirements with respect to Plaintiffs' procedural due process and equal protection claims.

11

1. **The district court did not abuse its discretion in determining that Plaintiffs satisfied the commonality requirement in Rule 23(a)(2).**

As recognized in the district court's opinion, Plaintiffs have presented three common questions for the procedural due process claims and one common question for the equal protection claim. R. 122, Opinion, PageID#825-26. The common questions presented by the procedural due process claims include (1) whether Plaintiffs have been deprived of a statutorily or constitutionally protected interest in restoration of their right to vote; (2) whether adequate process was afforded prior to that deprivation; and (3) whether Defendants must provide additional procedures to ensure due process. *See id.*; *see also* R. 105, Motion, PageID#676-77. The equal protection claim presents the common question of whether the class is subject to arbitrarily different rules and procedures for regaining the right to vote based only on the county of a person's felony conviction. *Id.*

"When considering whether a challenged state action violates procedural due process, [the Court] first consider[s] whether there is a protected liberty interest." *See Memphis A. Philip Randolph Inst. v. Hargett*, 978 F.3d 378, 389 (6th Cir. 2020). By definition, all members of the certified Plaintiff class have been unable to obtain CORs, thus the question is whether there are protected interests in CORs and restoration of the right to vote. The answer is a matter of law and will be the same for all class members. Next, the Court will ask whether the existing procedures for

12

seeking a COR are sufficient. *Matthews v. Eldridge*, 424 U.S. 319, 335 (1976) (determining what process is due by balancing (1) the interest affected; (2) the risk of erroneous deprivation under the current procedures and the "probable value . . . of additional or substitute procedural safeguards;" and (3) the "fiscal and administrative burdens" of additional procedures). Plaintiffs have alleged, and intend to show at trial, that Defendants, have failed to provide the basics of constitutional due process to COR applicants, including a mechanism to formally request a COR, a final decision on that request, a written statement of reasons for denial, decisions based on uniform standards for interpreting the eligibility requirements, procedures to prevent denials based on improper reasons, and an appeals process. *See id.*; *see also* R. 105, Motion, PageID#676-77. Regardless of the likelihood that an individual class member has been or will be erroneously deprived of a COR, it is the *risk* of erroneous deprivation *created by the lack of safeguards in the statewide system* that is a systemic inquiry with a common answer for all COR applicants. R. 122, Opinion, PageID#825-26; R. 105, Motion, PageID#676-77; R. 109, Reply, PageID#775-76.

Plaintiffs' equal protection claim similarly requires consideration of system-wide practices, namely consideration of whether similarly situated Tennesseans are granted or denied access to the right to vote based upon the county of their conviction. If the district court finds that the state's rights restoration procedures are

applied without adequate uniformity and thus arbitrarily deprive class members of the right to vote based upon their place of conviction, the court will have provided a single answer resolving the equal protection claims of "each class member," all of whom are subject to those procedures. R. 122, Opinion, PageID#826. The district court recognized as much and properly found the commonality requirement satisfied with respect to the equal protection claim. *Id.*

While a single common question is sufficient, here at least four have been identified. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359 (2011); *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 853 (6th Cir. 2013). And for each of the identified common questions, the district court's grant of class certification is likely "'to generate common *answers* apt to drive the resolution of the litigation.'" *Wal-Mart*, 564 U.S. at 350 (emphasis in original) (quoting Richard A. Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N. Y. U. L. Rev. 97, 132 (2009)).

Defendants assert that the district court wrongly found commonality for Plaintiffs' procedural due process claims because "there is no uniform policy" and the process "varies from locality to locality." 23(f) Pet. at 19. This contention misunderstands the claim. Plaintiffs do not allege that there is *no* policy affecting all COR applicants; every COR applicant must follow the procedure for requesting a COR created by Defendants under Tennessee law. *See, e.g.*, Tenn. Code Ann. §§ 40-

29-203, 205. The crux of Plaintiffs' due process claim is that *Defendants*—including officers of the Tennessee Department of Corrections in county field offices across the state but governed by a statewide entity—*apply* rights restoration laws without the procedural safeguards demanded by the Constitution. R. 122, Opinion, PageID#826. Moreover, it is *Defendants'* mandated COR procedures that force COR seekers to request attestations from various county officials who routinely deny COR-related requests without similar guardrails. The result of the procedures set up by these statewide actors is haphazard administration of the COR process and an accordingly high risk of erroneous deprivation. *See id.* If the district court finds Defendants' procedures are constitutionally deficient and orders more procedural safeguards, that would answer the due process complaint of every class member. Indeed, given that such claims necessarily require balancing system-wide concerns, they are regularly resolved at the class level. *See*, *e.g.*, *Barry v. Corrigan*, 79 F. Supp. 3d 712, 730 (E.D. Mich. 2015), *aff'd sub nom. Barry v. Lyon*, 834 F.3d 706 (6th Cir. 2016); *Wilson v. Gordon*, 822 F.3d 934, 941 (6th Cir. 2016).

Defendants also claim the district court committed clear error in finding commonality among Plaintiff class members with respect to the equal protection claim, but it is not the district court who is in error. Plaintiffs' claim that, absent a uniform COR process, Defendants cannot ensure that similarly situated individuals have equal access to the right to vote is fundamentally different than those made in

*DL v. District of Columbia*, 713 F.3d 120 (D.C. Cir. 2013), the sole case relied upon by Defendants. 23(f) Pet. at 14-17.   The *DL* plaintiffs claimed the District of Columbia school district engaged in a pattern or practice of failing to "identify, locate, evaluate and offer" eligible children the special education services due to them. 713 F.3d at 122-23. Because such a pattern or practice claim necessarily consists of the class members' individualized claims—the *DL* class members' individual claims were that each particular child was not properly identified for, located, evaluated for, or offered special education services—some "glue" is required to "bridge[] all their claims." *Id.* at 127. But the *DL* court could not identify a "common true or false question" to answer in determining the school district's liability. *Id.* at 128 (quotations omitted). Here, however, "the common question of whether the class is subject to arbitrarily different rules and procedures for regaining the right to vote based only on the county of a person's felony conviction," R.122, Opinion, PageID#826, is compatible with "a yes-or-no answer for the class in 'one stroke.'" *Doster*, 54 F.4th at 430-31 (citing an equal protection claim as an example).

## 2. The district court did not abuse its discretion in determining that Plaintiffs satisfied the typicality requirement in Rule 23(a)(3).

Defendants' assertion that the district court committed clear error by "improperly combin[ing] Plaintiffs' three claims for purposes of assessing typicality" is without merit. 23(f) Pet. at 21. The procedural due process and equal

16

protection claims of all Plaintiff class members arise from the same failings of Defendants' inaccurate, inaccessible, and unregulated COR system. R. 122, Opinion, PageID#827; R. 105, Motion, PageID#678-79. And all Plaintiff class members seek relief under the same statutory and constitutional theories: violation of due process regarding the deprivation of the statutory right to a COR and the constitutional right to vote, and violation of the equal protection clause for arbitrary and unequal disenfranchisement. *Id.* Thus, each of Plaintiffs' claims are typical because each "'arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and [] are based on the same legal theor[ies]." *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 561 (6th Cir. 2007) (internal citation omitted).

Further, unlike the plaintiffs' claims in *Romberio v. UnumProvident Corp.*, 385 Fed. App'x 423, 431 (6th Cir. 2009) (cited by Defendants, 23(f) Pet. at 21), the defenses available to Defendants will not vary by class member. As has been well established, Plaintiffs' claims here do not pertain to the individual class members' eligibility for or erroneous denial of a COR. *See*, *supra* at 11; R. 122, Opinion, PageID#824-25; R. 83, MTD Opinion, PageID#463-67. By comparison, the *Romberio* class members each claimed they had been *wrongly* denied long-term disability by their insurer and this Court found it could therefore not say that one class member proving her own claim would necessarily prove the claims of other

class members as the *Romberio* defendants might have "defenses unique to the individual claims." 385 Fed. App'x at 431. But the same cannot be said of Defendants in this case, where a victory for named Plaintiffs advances the interests of the entire class by proving that the system needs additional safeguards.

### 3. The district court did not abuse its discretion in determining that Plaintiffs satisfied Rule 23(b)(2).

Defendants assert that because the COR process is "applied variously by sundry and separate jurisdictions," the district court was wrong to certify the class under Rule 23(b)(2). 23(f) Pet. at 22-23. But Defendants ignore that Plaintiffs have alleged that all of these scattershot policies lack key elements of procedural due process such as the right to a written statement of reasons for denial and an appeals process. *See*, *e.g.*, R. 102, Amended Compl., Page ID#648-52; R. 83, MTD Order, PageID#465. Moreover, it is, in part, the fact of that variation that gives rise to Plaintiffs' due process and equal protection claims. Defendants have failed to implement constitutionally mandated procedures to administer Tennessee's system of restoring the voting rights of eligible persons, thereby depriving them of the right to vote without due process. All class members have consequently been injured in the same way, including those class members who are ultimately ineligible for a COR: members have sought restoration of their voting rights through Defendants' deficient COR process and come up empty-handed without access to the core elements of due process in that adjudication. R. 122, Opinion, PageID#829.

18

Named Plaintiffs do not seek to compel issuance of their individual CORs, nor the CORs of any class members, but rather the implementation of an accessible, fair, and standardized COR process that provides an accurate assessment of their eligibility and a means of appealing wrongful denials. And where, as here, the issuance of a single order of injunctive or declaratory relief would remedy the harm as to all class members, class certification under Rule 23(b)(2) is appropriate. *See, e.g.*, *Gooch*, 672 F.3d 428. Defendants do not argue otherwise.

## II. Because Defendants Do Not Face the "Death Knell" of Their Case, Interlocutory Review Is Inappropriate.

In reviewing a Rule 23(f) petition the district court considers whether the class certification order will prove the "death knell" of the petitioner's case. The death knell doctrine was initially envisioned as an avenue for plaintiffs to seek review of an order denying class certification if they were not financially able to continue pursuing their claims as individuals. *Microsoft Corp. v. Baker*, 582 U.S. 23, 27, 39 n.10 (2017).

However, courts began to recognize a "reverse death knell" for (generally corporate) defendants who similarly could not afford to continue pursing litigation in which the class certification dramatically increased their damages liability or litigation expenses. *See id.* at 29; *see also In re Delta Air Lines*, 310 F.3d 953, 960 (6th Cir. 2002). That is not the case here, however, where Defendants are not faced with *any* potential damages liability. In fact, the reverse death knell doctrine is not

19

generally used in Rule 23(b)(2) cases like this one, which seek only declaratory and injunctive relief. *C.f. Microsoft Corp. v. Baker*, 582 U.S. 23, 29 (2017) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 476 (1978)) (recognizing that a defendant's "potential damages liability" is a factor in the "death-knell" analysis). Further, Defendants do not suggest that the cost of continued litigation will "force [them] into an unwarranted settlement." *In re Arkema, Inc.*, No. 18-0502, 2018 WL 3472698, at *1 (6th Cir. May 23, 2018); *see also Microsoft Corp.*, 582 U.S. at 29.

Instead, Defendants argue that review is warranted here because continued litigation would be costly, asserting that the case raises individualized questions that would "force" Defendants "to expend substantial taxpayer resources on discovery into potentially hundreds of thousands of improperly certified class members." 23(f) Pet. at 24. But Defendants' claims are betrayed by the status of this case. This class action litigation has been pending for over two years. R. 1, Original Compl., PageID#1-45. Discovery related to the class was not stayed pending class certification. Based on a joint motion filed *after* class certification, fact discovery is set to close on May 28th, and trial is scheduled for November 28, 2023. R. 125, Joint Motion, PageID#838; R. 128, Order, PageID#847; R. 129, Order, PageID#849. Defendants only plan to depose the individual plaintiffs and their experts, and arrangements for those depositions are well underway. Thus, the outcome of this Rule 23(f) petition will not affect the scope of Defendants' discovery burden.

In any event, Defendants' purported arguments about both cost and delay of district court proceedings fundamentally misunderstand the class and the claims. As certified, the class includes Tennessee residents who have been denied adequate process in seeking a protected interest: voting rights restoration. Defendants do not need to conduct discovery on the individual circumstances of *each* class member because they all have been injured in the same way. *See supra* Part I.B. Moreover, procedural due process and equal protection claims require an inquiry into systemic-level questions – risk of erroneous deprivation, benefits of additional safeguards, and arbitrary treatment of similarly-situated individuals. Evidence related to the universe of individuals who have attempted to navigate the rights restoration process is relevant and available for discovery by both plaintiffs and defendants regardless of whether the class is certified. Certification does not increase the cost of discovery nor of the remedy.[1]

### III. Interlocutory Review Is Unnecessary Because This Case Does Not Raise Novel or Unanswered Questions Regarding Class Litigation.

This Court favors granting interlocutory review in cases which raise "a novel or unsettled question," specifically regarding class litigation. *In re Delta Air Lines*,

---

[1] Defendants seemingly acknowledge that theirs is not a petition presenting a true death knell case when they cite two cases in which the Courts of Appeal held that there was no death knell scenario present. 23(f) Pet. at 25 (citing *Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 960-61 (9th Cir. 2005); *In re Lorazepam & Clorazepate Antitrust Litig.*, 289 F.3d 98, 105 (D.C. Cir. 2002)).

21

310 F.3d at 960. However, ordinary cases will not raise novel questions of class litigation in general. *Id.* at 959-60; *see also In re Arkema, Inc.*, 2018 WL 3472698, at *1. Here, Plaintiffs do not raise novel questions of class litigation law, and class certification in procedural due process and equal protection cases is typical, as civil rights cases are often resolved at the class level. *See*, *e.g.*, *Brown v. Bd. of Educ.*, 347 U.S. 483, 495 (1954), *supplemented sub nom. Brown v. Bd. of Educ.*, 349 U.S. 294 (1955); *supra* at 15.

## IV.    The Posture of the Case Does Not Weigh in Favor of Interlocutory Review.

Finally, "the posture of the case as it is pending before the district court is of relevance" as this Court examines a Rule 23(f) petition. *In re Delta Air Lines*, 310 F.3d at 960. In particular, "an indication that the district court will reexamine the certification decision following discovery should discourage an interlocutory appeal." *Id.*

The district court has a "continuing obligation to ensure that the class certification requirements are met" and it has the "ability to alter or amend the certification order as circumstances change and the parties' litigation strategies evolve." *Randleman v. Fid. Nat. Title Ins. Co.*, 646 F.3d 347, 352 (6th Cir. 2011). Since the deadline for dispositive motions has not yet passed (R.125, Joint Motion, PageID#838), there remains a possibility that the district court could reexamine its class certification decision if Defendants can raise any factual issues that undermine

its order. *See In re Arkema, Inc.*, 2018 WL 3472698, at *1. Therefore, the posture of the case does not cut in favor of interlocutory review.

## CONCLUSION

For the foregoing reasons, Defendants' Petition for Permission to Appeal Under Federal Rule of Civil Procedure 23(f) should be denied.

May 8, 2023

Respectfully submitted,

*/s/ Charles K. Grant*_____
Charles K. Grant
Denmark J. Grant
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
211 Commerce Street, Suite 800
Nashville, TN 37201
(615) 726-5600

*/s/ Danielle M. Lang*_____
Danielle M. Lang
Alice C.C. Huling
Ellen M. Boettcher
CAMPAIGN LEGAL CENTER
1101 14th Street NW, Suite 400
Washington, DC 20005
(202) 736-2200

Phil Telfeyan
EQUAL JUSTICE UNDER LAW
400 7th St. NW, Suite 602
Washington, D.C. 20004
(202) 505-2058

*Counsel for Plaintiffs-Respondents*

**CERTIFICATE OF COMPLIANCE**

1.     This brief complies with the type-volume limitation of Fed. R. App. P.
5(c)(1) because it contains 5,194 words, as determined by the word-count function
of Microsoft Word, excluding the parts of the brief exempted by Fed. R. App. P.
32(f) and 6th Cir. R. 32(b)(1).

2.     This brief complies with the typeface requirements of Fed. R. App. P.
32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has
been prepared in a proportionally spaced typeface using Microsoft Word in 14-point
Times New Roman font.

*/s/ Charles K. Grant*_____
Charles K. Grant
*Counsel for Plaintiffs-Respondents*

## CERTIFICATE OF SERVICE

I certify that on May 8, 2023, an electronic copy of the foregoing Answer was filed with the Clerk of Court for the U.S. Court of Appeals for the Sixth Circuit, using the appellate CM/ECF system. I further certify that all parties in this case are represented by lead counsel who are registered CM/ECF users, and that service will be accomplished by the appellate CM/ECF system.

*/s/ Charles K. Grant*_____
Charles K. Grant
*Counsel for Plaintiffs-Respondents*

# DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

| Record Entry | Description | Page ID# |
|:---:|:---:|:---:|
| 1 | Original Complaint | 1-45 |
| 83 | Motion to Dismiss Opinion | 453-70 |
| 102 | First Amended Complaint | 610-60 |
| 105 | Plaintiffs' Motion for Class Certification | 671-86 |
| 109 | Plaintiffs' Reply in Support of Motion for Class Certification | 772-79 |
| 122 | Memorandum Granting Plaintiffs' Motion for Class Certification Opinion | 822-30 |
| 123 | Order Granting Plaintiffs' Motion for Class Certification | 831 |
| 125 | Joint Motion to Amend the Scheduling Order | 837-40 |
| 128 | Order Granting Joint Motion to Amend the Scheduling Order in Part | 847 |
| 129 | Order Setting Bench Trial | 849-52 |